## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | | |
|---|---|---|
| **SAMELLA ANDERSON AND AUTHOR ANDERSON** | * | **CIVIL ACTION NO.  10-1448** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two hybrid motions:  1) a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(1) & (6) [doc. # 12] filed by defendants, State of Louisiana, Department of Public Safety and Corrections, Office of the State Fire Marshal; Butch Browning, Louisiana State Fire Marshal; Richard Abbott; Dexter Adams; and Lloyd Peters; and 2) a motion to dismiss for failure to state a claim upon relief can be granted and for summary judgment, Fed.R.Civ.P. 12(b)(6) and 56, [doc. # 26], filed by defendants, the City of Bastrop, Fire and Police Departments; David Jester; Thomas Crowder; and Mark McKane.  For reasons explained below, it is recommended that the motions be granted, and that plaintiffs' complaint be dismissed, with prejudice, in its entirety.

## Background

On September 17, 2010, Samella Anderson and her son, Author Anderson, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants, State of Louisiana, Department of Public Safety and Corrections, Office of the State Fire Marshal; Butch Browning, Louisiana State Fire Marshal; Richard Abbott; Dexter Adams; Lloyd Peters; City of

Bastrop, Fire and Police Departments; David Jester; Thomas Crowder; and Mark McKane.[1] Succinctly stated, plaintiffs contend that defendant, state and local fire officials, in conjunction with defendant, local police officials, conspired to deprive them of their constitutional rights under the Fourteenth Amendment by arbitrarily, discriminatorily, and unfairly accusing them of wrongdoing in the aftermath of a September 13, 2009, fire at the Bond House Apartments in Bastrop, Louisiana,[2] which culminated in the September 18, 2009, arrests of Samella Anderson for obstruction of justice and Author Anderson for obstruction of justice and aggravated assault. (Compl.).  The charges were later dismissed.  (Compl., ¶¶ 58, 62).  Plaintiffs seek a litany of resultant mental and economic damages stemming from these experiences.  *Id.*

On October 8, 2010, plaintiffs filed an amended complaint that re-stated virtually all of the allegations in the initial complaint, but added some additional items of damages and a jury demand.  (Amend. Compl.).[3]  "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."  *King v. Dogan*,  31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)).  Here, the amended complaint does not refer to, or adopt any earlier pleadings in this matter; thus, for purposes of the instant motions, the sole complaint before the court is the amended complaint, which, for the

---

[1]  Although plaintiffs initially proceeded in this matter pro se, counsel has since enrolled on their behalf.  *See* April 5, 2011, Order [doc. # 25].

[2]   The September 13, 2009, fire caused the tragic death of a wheelchair-bound tenant, Merrimac Ellis.  (Compl., ¶ 3).  At the time of the fire, Samella Anderson was the manager of the Bond House Apartments.  (Compl., ¶ 5).

[3]  Although one of the motions to dismiss remarks that movants were not served with the amended complaint, the motion concedes that the amended complaint asserts "essentially the same allegations of the original complaint."  (M/Dismiss, Memo., pg. 10 [doc. # 12]).  Moreover, defendants did not seek dismissal for insufficient service of process.  Fed.R.Civ.P. 12(b)(5).

sake of convenience, the court shall refer to as "the complaint."

On February 23, 2011, defendants, State of Louisiana, Department of Public Safety and Corrections, Office of the State Fire Marshal; Butch Browning, Louisiana State Fire Marshal; Richard Abbott; Dexter Adams; and Lloyd Peters ("State defendants"), filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(1) & (6).  [doc. # 12].

On April 5, 2011, defendants, City of Bastrop, Fire and Police Departments; David Jester; Thomas Crowder; and Mark McKane ("City defendants"), filed the instant motion to dismiss for failure to state a claim upon relief can be granted and for summary judgment, Fed.R.Civ.P. 12(b)(6) and 56.  [doc. # 26].

On April 15, 2011, plaintiffs, via counsel,  filed an opposition to the state's motion to dismiss.  (Pl. Opp. [doc. # 28]).  However, on April 21, 2011, the Clerk of Court issued plaintiffs a Notice of Deficient Document because plaintiffs failed to include a table of contents and table of cases as required by Local Rule 7.8.  (Notice of Deficient Document [doc. # 29]).  The Notice urged counsel to submit the corrective document within 10 day from the date of the notice, or risk having the document stricken from the record.  *Id*.  Counsel never remedied the deficiency; thus, the court struck the response.  (May 26, 2011, Order).[4]

Furthermore, the briefing deadline for the city's motion has lapsed, with no response from plaintiffs.  Accordingly, both motions are deemed unopposed.  (Notices of Motion Setting [doc. #s 13 & 27]).  The matter is now before the court.

---

[4]  Although the court struck the opposition memorandum, the undersigned has reviewed the memorandum, and is persuaded that it not affect the analysis herein.

## Discussion

**I.      Subject Matter Jurisdiction**

A party's invocation of Eleventh Amendment immunity is analyzed as a challenge to the federal court's exercise of federal subject matter jurisdiction.  *Mahogany v. Louisiana State Supreme Court*, 262 Fed. Appx. 636 (5th Cir. Jan. 25, 2008) (citations omitted).  It is well settled that

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar. Section 1983 does not override the Eleventh Amendment bar.

*Darlak v. Bobear*,  814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted).

Suits against state officials and employees of state entities in their official capacity also transgress the Eleventh Amendment.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 1212 (1989); and *Thomas v. Texas Dept. of Family and Protective  Thomas v. Texas Dept. of Family and Protective Services*, 2011 WL 2161909 (5th Cir. June 2, 2011) (unpubl.) (citations omitted).

Louisiana has refused to waive its 11th Amendment immunity from suit in federal court. La. R.S. 13:5106; *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). Moreover, the Louisiana Department of Public Safety and Corrections is a state entity entitled to invoke the protections of the Eleventh Amendment.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999).  Further, all of the powers, duties, functions, and responsibilities of the formerly distinct position of State Fire Marshal were transferred to, and subsumed within the Louisiana Department of Public Safety and Corrections.  La. R.S. §§ 36:923, 36:409.

When a challenge is made to the propriety of the court's exercise of jurisdiction, the

burden rests upon the party asserting jurisdiction in the federal court to plead facts establishing jurisdiction and to establish that jurisdiction is proper under the law. *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 494 (5th Cir. 1989) (citation omitted). Plaintiffs have not met their burden here. Accordingly, plaintiffs' claims against the State of Louisiana, Louisiana Department of Public Safety and Corrections, Office of the State Fire Marshal and its officials and employees, in their official capacity, i.e. Butch Browning, Richard Abbott, Dexter Adams, and Lloyd Peters, are barred by the Eleventh Amendment and subject to dismissal for lack of subject matter jurisdiction.

## II.     Failure to State a Claim Upon Which Relief Can Be Granted

### a)     Standard of Review

In federal court, sufficiency of the pleadings is determined by federal procedure. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010) (citations omitted). The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed.R.Civ.P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ____ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See*

*Iqbal, supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark, supra*.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. (citation omitted).   A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely.  *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted).  However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Id*.

  b)  **Plaintiffs' Claims That Accrued More than One Year Before September 17, 2010, Are Time-barred**

The court reiterates that plaintiffs seek recovery against defendants under 42 U.S.C. § 1983.  (Amend. Compl. ¶ 67).  Plaintiffs also allege that defendants conspired against them, which fairly implies a claim under 42 U.S.C. § 1985(3).  However, because there is no federal statute of limitations for actions brought under 42 U.S.C. § 1983, the courts must borrow the

forum state's personal injury limitations period.  *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (citation omitted).  Furthermore, the same prescriptive period applies to § 1985 claims. *Moreno v. Curry*, No. 4:06-CV-238-Y, 2006 U.S. Dist. LEXIS 81416 (N.D. Tex. Nov. 7, 2006); *Allen v. Winfield*, No. 3:04-CV-2504-B, 2006 U.S. Dist. LEXIS 42840 (N.D. Tex. June 12, 2006).

In Louisiana, delictual actions are subject to a liberative prescription period of one year. La. Civ. Code Art. 3492.  Although state law governs the limitations period and tolling exceptions, federal law determines when a cause of action arises.  *Jackson, supra* (citation omitted).  "A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action."  *Ramon v. Rodriguez-Mendoza*, 372 Fed. Appx. 494 (5th Cir. April 1, 2010) (unpubl.) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir.1995)).

Plaintiffs filed the instant suit on September 17, 2010.  However, the overwhelming majority of their claims against defendants arose more than one year earlier.  For instance, plaintiffs complain that on September 13, 2009, -- the evening of the tragic fire at the Bond House apartments -- fireman Thomas Crowder was argumentative and confrontational with Samella Anderson.  (Amend. Compl., ¶¶ 4-13).  Also on September 13, 2009, a state fire marshal, Richard Abbott, denied Samella Anderson entry into the apartment where the fire occurred.  *Id.*, ¶¶ 16-17.  According to plaintiffs it was on September 13, 2009, that the fire officials began their conspiracy to "disrupt the management and livability of the Bond House Apartments."  *Id.*, ¶ 18.  At that time, the fire officials treated Samella Anderson with hostility and disrespect.  *Id.*

On September 14, 2009, Richard Abbott pointed a gun at Author Anderson, purportedly

on the basis of Anderson's "skin color and race." *Id*., ¶¶ 23-26.  During the evening of September

14, 2009, unnamed fire officials made harassing telephone calls to the Bond House.  *Id*., ¶ 32.

Samella Anderson reported these calls to her employer.  *Id*.  ¶ 33.  Also on September 14, 2009,

Samella Anderson returned to the Bond House Apartments to give Richard Abbott a key to the

apartment where the fire occurred.  *Id*., ¶ 39.  When she did, a fire marshal named Dexter Adams

accused Samella Anderson of being "uncooperative."  *Id*., ¶ 41.  She believed that Richard

Abbott had told Dexter Adams negative and untrue things about her.  *Id*.  Apparently also on

September 14, 2009, Abbott made threatening remarks about Author Anderson.  *See* Amend.

Compl., ¶¶  39-43.

Plaintiffs heard reports that Bastrop police detectives were investigating Author

Anderson.  *Id*., ¶¶ 47-48.  "[A] couple of days later . . . [a]round September 16, 2009," Detective

McKane went to Samella Anderson's office and was rude and threatening to her.  *Id*., ¶¶ 49-50.

McKane threatened to take Anderson to jail, harassed her on the job, and embarrassed her

because of her gender and race.  *Id*., ¶ 52.

On September 18, 2009, McKane questioned Samella and Author Anderson, and then

placed them under arrest.  *Id.*, ¶¶ 56-61.

Aside from the Andersons' claims for unlawful arrest that accrued on September 18, 2009,

the only other challenged conduct by defendants that arguably is not untimely is a potential claim

against the state fire marshals for any false statements they may have made to the police that led

to plaintiffs' arrests.  This is because § 1983 does not recognize a cause of action for defamatory

statements alone; rather, in addition to the "stigma" of a false communication, there must be an

associated "infringement," where the state actor "sought to remove or significantly alter a life,

liberty, or property interest recognized and protected by state law or guaranteed by one of the

provisions of the Bill of Rights . . ."  *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701-702

(5th Cir. 1991) (citing *Paul v. Davis* , 424 U.S. 693, 710–11 & n. 5, 96 S.Ct. 1155, 1164–65 & n.

5 (1976).  Here, the additional infringement did not occur until plaintiffs' subsequent arrest on

September 18, 2009.

      Accordingly, except for plaintiffs' claims for unlawful arrest and any false statements that

may have led to their arrests, plaintiffs' claims are time-barred.  La. Civ. Code Art. 3492.

     **c)**    **Plaintiffs' Complaint Fails to State a Claim Under §§ 1983 and 1985 for
Defamation, Class-Based Animus, Harassment, and Conspiracy Against
Defendants in Their Individual Capacity**

      Many of plaintiffs' claims also are subject to dismissal for failure to state a claim upon

which relief can be granted.   "To state a claim under § 1983, a plaintiff must (1) allege a

violation of rights secured by the Constitution or laws of the United States and (2) demonstrate

that the alleged deprivation was committed by a person acting under color of state law."  *Leffall*

*v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).  Moreover, in order to

plead a § 1983 cause of action, a plaintiff "must establish that the defendant was either personally

involved in the deprivation or that his wrongful actions were causally connected to the

deprivation."  *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).  Thus, a

successful § 1983 claim "must enunciate a set of facts that illustrate the defendants' participation

in the wrong alleged."  *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). *Jacquez*, 801

F.2d at 793.

      The court reiterates that defamation, absent an infringement of another cognizable interest

does not suffice to state a claim for relief under 42 U.S.C. § 1983.  *Wheeler v. Miller*, 168 F.3d

241, 251 (5th Cir. 1999) (citation omitted).  This so-called "stigma plus" claim requires a

claimant to demonstrate:  1) a stigma, i.e. "concrete, false factual representations or assertions, by

a state actor, of wrongdoing on the part of the claimant;" and 2) an infringement, i.e. that "the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been incorporated . . ." into the Fourteenth Amendment.  *Kacal*, 928 F.2d at 701-02 (internal quotation marks and citations omitted).  A statement of opinion does not constitute a false representation. *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir. 1989).  Moreover, for a purportedly false statement to be stigmatizing, it must be more than adverse, it must give rise to a "badge of infamy, public scorn, or the like."  *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995) (internal quotation marks and citations omitted).  An opinion by a state actor concerning the plaintiff's attitude is not an actionable false factual representation.  *Id*.

Applying the foregoing considerations to the facts at hand, Samella Anderson's belief that Richard Abbott told Dexter Adams that she was "uncooperative" fails to state a claim for relief. Moreover, although plaintiffs allege generally that defendants made false claims about them to the media, plaintiffs do not allege what the false statements were, or who published them to the media.  *See Blackburn, supra* (plaintiff failed to allege which defendant, if any, made the statement).

Even if plaintiffs had alleged an actionable stigma, they have not alleged a constitutionally protected property interest.  "Allegations of . . .  impairment of future employment prospects fail to state a claim of denial of a constitutional right."  *State of Tex. v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995) (citation omitted).  Also, to the extent that plaintiffs imply that they lost their jobs because of defendants' false accusations, the court observes that "[a]bsent a contractual agreement for employment for a specified term or a legislative or regulatory restraint on a public entity's termination authority, Louisiana law does not establish a

right to continued employment." *Cabrol v. Town of Youngsville*, 106 F.3d 101, 106 (5th Cir. 1997) (citations omitted).  Here, the complaint is devoid of any allegations that plaintiffs were employed pursuant to a contract for a definite term or that their employment was subject to any other legislative or regulatory constraint; thus, plaintiffs remained at-will employees, with no protected property interests in their respective jobs.  *See Wallace v. Shreve Memorial Library*, 79 F.3d 427, 429-30 (5th Cir. 1996).

On the other hand, it is manifest that a Fourth Amendment violation, i.e., unlawful arrest, constitutes an "infringement" for purposes of a § 1983 stigma-plus claim.  *See Marrero v. City of Hialeah*, 625 F.2d 499, 514 (5th Cir. 1980).  Plaintiffs allege that defendant, Richard Abbott, "lied to the police and had Author Anderson arrested for felony charges."  (Amend. Compl., ¶ 27).  Plaintiffs later allege that "a copy of the police report listed names of people who claimed to have witnessed the alleged crimes of obstruction of justice and aggravated assault.  Witnesses were not truthful." *Id.*, ¶ 59.   The complaint, however, falls short of alleging that a specific false accusation by any particular defendant led to their arrests.  To the extent that plaintiffs *intended* to allege that Richard Abbott and/or other fire marshals falsely represented to law enforcement officers that Author Anderson attempted to run them over with his car, the uncontroverted summary judgment evidence establishes that plaintiffs' arrests were supported by probable cause. *See* discussion, *infra*.[5]

_____

[5]  If evidence outside of the pleadings is presented to the court and used in deciding a 12(b)(6) or 12(c) motion, the motion must be converted to a motion for summary judgment. Fed.R.Civ.P. 12(d); *Knighton v. Merscorp Inc.*, 304 Fed. Appx. 285, 287 (5th Cir. 2008) (unpubl.) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir.1993)).  In the event of conversion, Rule 12(d) requires that all parties be afforded a reasonable opportunity to present all material pertinent to a motion for summary judgment. *Id.*  Specifically, the notice and hearing requirements of Rules 12(b) and 56(c) of the Federal Rules of Civil Procedure must be adhered to.  *Mackey v. Owens*, 1999 WL 423077 (5th Cir. June 2, 1999) (unpubl.).
The court, however, need not give a party "express notice" that a motion to dismiss will

With regard to plaintiffs' conclusory allegations of conspiracy, the court notes that 42 U.S.C. § 1985(3) prohibits "two or more persons" from conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."  42 U.S.C. § 1985(3).  To state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege that (1) defendants were involved in a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or persons of the equal protection of the laws; and (3) that defendants acted in furtherance of the object of the conspiracy, whereby (4) the plaintiff was either injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States.  *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).  In addition, the conspiracy must have been motivated by racial animus.  *Word of Faith World Outreach Cent. Church v. Sawyer*, 90 F.3d 118, 124 (5th Cir. 1996).  Plaintiffs also must "allege specific facts to show an agreement."  *Priester v. Lowndes County*, 354 F.3d 414, 421

---

be treated as a motion for summary judgment:

> given [Rule 12(d)]'s express declaration that a motion to dismiss shall be treated as a motion for summary judgment where matters outside the pleadings are presented to and not excluded by the court, the simple act of placing matters outside the pleadings before the court provides adequate notice that a motion to dismiss may be converted into a motion for summary judgment.

*Mackey, supra* (internal citation omitted).

In any event, the court always possesses the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322, 1995 WL 534901, at *2 (5th Cir. 1995) (unpubl.).  Moreover, a report and recommendation, itself, provides sufficient notice to the parties.  *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (citing *Magourik v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

To the extent that the court relies upon evidence extrinsic to plaintiffs' complaint to resolve the pending 12(b)(6) motion(s), the court must analyze the motion to dismiss pursuant to Rule 56.  Moreover, plaintiffs received ample notice that the 12(b)(6) motions could be analyzed under Rule 56, given that one of the motions was filed in the conjunctive as a motion for summary judgment, together with an attached affidavit and exhibits.

(5th Cir.2004).  Conclusory allegations of conspiracy do not suffice.  *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir.1986).

Here, although plaintiffs' complaint is replete with allegations of "conspiracy" and race and gender-based animus, these bare allegations are not supported by specific facts sufficient to elevate the complaint beyond the mere "formulaic recitation of the elements of a constitutional discrimination claim . . ."  *Iqbal, supra* (citation and internal quotation marks omitted) (refusing to credit plaintiff's bare allegations that defendants "knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement . . .  solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.").  Accordingly, plaintiffs' bald assertions are not entitled to a presumption of truth, and do not suffice to state a claim.  *Id.*

Plaintiffs' complaint is further sprinkled with generous doses of mostly conclusory allegations regarding defendants' rude behavior, threats, and verbal harassment.  *See e.g.*, Amend. Compl. ¶¶ 15, 18, 31-32, 43, 50, 52.  However, verbal threats, harassment and name-calling do not violate the Constitution.  *Allen v. Haywood Investigations*, 2011 WL 1792478, *2 (W.D. La. Apr. 20, 2011) *(citing inter alia, Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995)).

> **d)**   **The Individual Defendants Against Whom Plaintiffs Failed to Allege an Actionable Constitutional Violation Are Entitled to Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoted sources omitted).  When a defendant invokes qualified immunity, the burden shifts to plaintiff to establish that the defense is inapplicable.  *Id.*  (citation

omitted).  Plaintiff's burden is two-pronged.  *Id*.  First, he must demonstrate that defendants

violated a constitutional right under current law.  *Id*.  "Second, he must claim that the defendants'

actions were objectively unreasonable in light of the law that was clearly established at the time

of the actions complained of."  *Id*.  (quoted source and internal quotation marks omitted).  The

courts are "permitted to exercise their sound discretion in deciding which of the two prongs of

the qualified immunity analysis should be addressed first in light of the circumstances of the

particular case at hand."  *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (*citing*

*Pearson v. Callahan*, 808 U.S. 2009, 129 S.Ct. 808  (2009)).

Having determined that the individual fire marshal and city firefighter defendants did not

violate plaintiff's constitutional rights, *see* discussion, *supra*, the individual defendants are

entitled to qualified immunity.

## III.    Summary Judgment

### a)        Standard of Review

Summary judgment is appropriate when the evidence before the court shows "that there is

no genuine issue as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would

affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986).  A dispute about a material fact is

"genuine" if the evidence is such that a reasonable fact finder could render a verdict for the

nonmoving party.  *Id*.

 "[A] party seeking summary judgment always bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[6] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*,

---

[6] I.e., beyond doubt.

1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

   **b)**    **Plaintiffs' Arrests Did Not Transgress the Fourth Amendment**

   Plaintiffs contend that they were falsely arrested by City of Bastrop police detective Mark McKane. *See* Amend. Compl., ¶¶ 58-64. To prevail on a claim for false or unlawful arrest, plaintiffs must establish that they were arrested without probable cause in violation of the Fourth Amendment. *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). Moreover, when, as here, the arresting officer raises qualified immunity as a defense, "the plaintiff must show that the officers could not have reasonably believed that they had probable cause to arrest the plaintiff for any crime." *O'Dwyer v. Nelson*, 310 Fed. Appx. 741, 745 (5th Cir. Feb. 19, 2009) (unpubl.) (citing *inter alia*, Devenpeck v. Alford, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004)).[7] "A police officer has probable cause to arrest if, at the time of the arrest, he had knowledge that would warrant a prudent person's belief that the person arrested had already committed or was committing a crime." *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 278 (5th Cir. 1992) (citation omitted). Probable cause requires but a "basis for an officer to believe to a 'fair probability' that a violation occurred." *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000) (citations omitted). The court looks to the totality of the circumstances to determine whether arguable probable cause existed for the arrest(s). *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000) (citation omitted).

   In addition, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir.

---

   [7] It is manifest that for purposes of qualified immunity's other prong, "[t]he right to be free from arrest without probable cause is a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir.1994).

2009) (citations omitted).  Nonetheless, an initiating party still may be liable for false arrest if the plaintiff demonstrates that "the deliberations of that intermediary were in some way tainted by the actions of the defendant."  *Id*.

Applying the foregoing considerations here, the court observes that before arresting plaintiffs, Detective McKane applied for, and obtained arrest warrants, signed by a state court judge.  (MSJ, McKane Affidavit, Exhs. 1-3).  In support of the arrest warrant for Samella Anderson, McKane represented to the judge that she had obstructed justice by refusing to identify a person of interest in a fire investigation in violation of Louisiana Revised Statute 14:130.1.  (Affidavit and Warrant, MSJ Exh. 3).  McKane also submitted an affidavit in conjunction with the instant motion for summary judgment wherein he averred that Samella Anderson refused to provide fire investigators and officers with Author Anderson Jr.'s name and location.  (McKane Affidavit; MSJ).  On September 15, 2009, McKane tried to obtain Author Anderson's Jr.'s name from Samella Anderson, but she again demurred.  *Id*.  Instead, Samella Anderson told McKane that she and Author Anderson, Jr. would report to the police department the next day.  *Id*.  When they failed to appear, McKane sought warrants for their arrests on September 17, 2009.  *Id*.

Detective McKane also obtained two arrest warrants for Author Anderson Jr.:  one warrant was for a charge of assault with a dangerous weapon for attempting to strike a state fire marshal with a Toyota Camry in violation of Louisiana Revised Statute 14:37; the second was for obstruction of justice by locking areas of fire suppression and control and denying access to the Bastrop Fire and Police Departments in violation of Louisiana Revised Statute 14:130.1.  *See* McKane Affidavit, Exhs. 1-2.

To the extent that it can be argued that Samella Anderson's refusal to disclose her son's name and whereabouts does not actually violate Louisiana Revised Statute 14:130.1, her alleged

actions (or inaction) were reviewed by an impartial judge, who determined that they provided probable cause to support an arrest on that charge.  The Fifth Circuit has recognized that "an arrest made under authority of a properly issued warrant is simply not a 'false' arrest, it is a 'true' or valid one.  *Rodriguez v. Ritchey*, 556 F.2d 1185, 1193 (5th Cir. 1977) (citation omitted). Further, an investigating party is not liable for a resulting false arrest, regardless of his motivation.  *Id*.

In this case, while plaintiffs question the motivation of all defendants, they have not adduced any evidence in response to McKane's motion for summary judgment to show that he intentionally misled, misrepresented, or omitted material facts from his applications that resulted in the arrest warrants.  Moreover, the fact that the district attorney ultimately declined to prosecute the charge does not vitiate probable cause or the validity of the warrant.  *Maier v. Green*, 485 F. Supp.2d 711, 720 (W.D. La. 2007) (citation omitted).  Under the circumstances, McKane reasonably determined that he had probable cause to effect the arrests.[8]

In sum, plaintiffs have failed to establish that defendants violated their Fourth Amendment rights.  Accordingly, the undersigned finds that there is no genuine issue as to any material fact and that movants are entitled to judgment as a matter of law.  Fed.R.Civ.P. 56.[9]

---

[8]  In addition, McKane had probable cause to arrest Author Anderson for the offense of obstructing a fireman, which includes the intentional "hindering, delaying, hampering, interfering with, or impeding the progress of any regularly employed member of a fire department of any municipality, parish, or fire protection district of the state of Louisiana, or any volunteer fireman of the state of Louisiana while in the performance of his official duties . . ." La. R.S. § 14:327A(1).  The officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."  *Devenpeck v. Alford*, 543 U.S. 146, 152-154, 125 S.Ct. 588, 593-594 (2004).

[9]  "[I]n the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on his allegations . . . to get to [trial] without any significant probative evidence tending to support the complaint. " *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citations and internal quotation marks omitted).

IV.     **Government Entity and Supervisory Liability**

   a)      **Plaintiffs' Inability to Allege or Establish a Constitutional Violation by an Individual Defendant Precludes Liability by the Employing Municipality**

Official-capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985) (citing, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55 (1978)).   An official-capacity suit is to be treated as an action against the entity  – in this case a municipality.  *Id.*[10]

To impose § 1983 liability against a government entity for the misconduct of one of its employees, plaintiff must demonstrate that the constitutional deprivation was caused by a policy or custom of the entity.  *Kohler v. Englade*,  470 F.3d 1104, 1115 (5th Cir. 2006) (citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 2036 (1978)).  "In a Section 1983 case, the burden of proving the existence of an unconstitutional municipal policy or established custom rests upon the plaintiff."  *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

In the case *sub judice*, plaintiffs have not established an underlying constitutional violation by any named employee of the City of Bastrop fire and police departments.  *A fortiori*, they have not identified a precipitating unconstitutional custom or policy enacted by these entities.  *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 467 (5th Cir. 2010) (because the officers did not violate plaintiff's constitutional rights, neither did the city).

   b)      **Plaintiffs' Inability to Allege or Establish a Constitutional Violation by an Individual Defendant Precludes Supervisory Liability**

---

[10]  The court has already addressed plaintiffs' claims against the state employees, in their official capacity.  *See* discussion, *supra*.

To the extent that plaintiffs contend that any defendants are liable in their supervisory capacity, the court observes that supervisors can be held liable when the "enforcement of a policy or practice results in a deprivation of federally protected rights." *Bustos, supra* (citation omitted). Again, however, when, as here, plaintiffs have failed to allege or establish a constitutional violation by the individuals directly involved in the challenged activity, they cannot show that any supervisor implemented a policy or custom that violated their constitutional rights. *Bustos*, 599 F.3d at 468.

### Conclusion

For the above-assigned reasons,

**IT IS RECOMMENDED** that defendants' motion to dismiss [doc. # 12] plaintiffs' claims against the State of Louisiana, Louisiana Department of Public Safety and Corrections, Office of the State Fire Marsha,l and its officials and employees, in their official capacity, i.e. Butch Browning, Richard Abbott, Dexter Adams, and Lloyd Peters be **GRANTED**, and that said claims be **DISMISSED, without prejudice**, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

**IT IS FURTHER RECOMMENDED** that defendants' motion to dismiss [doc. # 12] plaintiffs' claims against defendants, Butch Browning, Richard Abbott, Dexter Adams, and Lloyd Peters, in their individual and supervisory capacities, be **GRANTED**, and that said claims be **DISMISSED, with prejudice**, for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

**IT IS FURTHER RECOMMENDED** that defendants' motion to dismiss [doc. # 26] plaintiffs' claims against the City of Bastrop, Fire and Police Departments; David Jester; Thomas Crowder; and Mark McKane be **GRANTED**, and that plaintiffs' claims against said defendants

be **DISMISSED, with prejudice**, for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) and/or summary judgment Fed.R.Civ.P. 56.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 11th day of July 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE